FRANK WRIGHT v. THE STATE.

No. 3335.  Decided November 15, 1905.

**Assault with Intent to Murder—Sufficiency of Evidence—Specific Intent.**

See opinion for facts held to be sufficient to sustain a conviction for assault with intent to murder, and showing a specific intent to take the life of the prosecutor.

Appeal from the District Court of Trinity. Tried below before Hon. Gordon Boone.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brif for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of assault with intent to murder, and his punishment fixed at confinement in the penitentiary for a term of two years; and appeals.

The only insistence that requires notice is as to the sufficiency of the evidence to sustain the verdict and judgment; that is, does the testimony sufficiently show the specific intent on the part of the appellant to kill? The evidence shows that appellant and prosecutor, who appears to have been the foreman at the mill, had a difficulty in the morning, because of appellant's failure to obey instructions, or to comply with prosecutor's requests. In the evening, prosecutor was sitting down at the mill, when, according to the State's testimony, appellant came from his rear, armed with a scantling, two by four inches, and three feet and eight inches long. He struck prosecutor with this, while he was sitting down and unaware of his presence. Prosecutor states the lick struck him on the head, and seemed to be a glancing lick, judging from the character of the wound; that the lick did not knock him down, he being already in a sitting posture; that he immediately jumped, and defendant dropped the scantling, and ran; he picked it up, and threw it at appellant as he ran. He further states that the wound on his head did not lay him up, but it was a deep gash. The doctor took several stitches in the wound. Appellant himself testified that he did not strike prosecutor with the scantling, but struck him with a small pine knot. This question was properly presented to the jury, and they evidently found appellant used the scantling. We think, from the proof here shown, and the manner in which the scantling was used, appellant must have entertained the specific intent to take the life of prosecutor, and he only escaped because the blow did not hit prosecutor squarely on the head, but was a glancing lick.

The judgment is affirmed.

*Affirmed.*